IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**COREY TROTTER**                                                                    **PLAINTIFF**

**VS.**                                                  **CAUSE NO. 3:23-cv-349-CWR-LGI**

**CANNON CHEVROLET NISSAN, LLC**
**D/B/A CANNON NISSAN OF JACKSON**
**AND TRUIST BANK**                                                                 **DEFENDANTS**

## AMENDED COMPLAINT

TRIAL BY JURY DEMANDED.

COMES NOW, the Plaintiff, Corey Trotter, by and through his counsel of record and files this his Complaint against the Defendants, Cannon Chevrolet Nissan, LLC, doing business as Cannon Nissan of Jackson, and Truist Bank and in support thereof would respectfully show unto the Court the following facts, to-wit:

## PARTIES

1. Plaintiff, Corey Trotter, is an adult resident citizen of Covington County, Mississippi.

2. Defendant, Cannon Chevrolet Nissan, LLC, is a Mississippi for profit limited liability corporation registered with the Mississippi Secretary of State's Office and located in First Judicial District of Hinds County, Mississippi whose registered agent is J.P. Hughes, Jr. who may be served with process at 1300 Access Road, Suite 100, Oxford, Mississippi 38655.

3. Truist Bank is foreign corporation doing business in Mississippi and can be served with process via its agent Corporation Service Company, 109 Executive Drive, Madison, MS 39110.

4. This Court has jurisdiction of both the subject matter and the parties herein.

## FACTUAL AND LEGAL ALLEGATIONS

4. At all times relevant hereto Cannon Chevrolet Nissan, LLC, (hereinafter "Cannon") sells motor vehicles.

5. On or about, July 13, 2021, Trotter suffered a massive stroke and has since struggled with memory and comprehension issues.

6. On August 5, 2022, Trotter entered into a finance contract with Cannon to purchase a 2019 Chrysler 300. Trotter made a down payment on the vehicle of $7,000.00.

7. At the time of purchase Cannon did not give Trotter a copy of his TILA disclosures for the loan. Cannon only presented Trotter with a Bill of Sale which stated the total price of the vehicle was $33,213.25 and failed to state an annual percentage rate or any interest rate charged to Mr. Trotter. See attached Exhibit "A".

8. Trotter was made to believe by Cannon that $33,213.25 was the entire cost of the vehicle.

9. Unbeknownst to Trotter, Cannon was charging him a 10.75% annual percentage rate and an overall financial charge of $12,742.25 for a total vehicle cost of $47,455.50.

10. The lending note was assigned to Defendant Truist Bank.

11. Trotter was unaware of the financial charge until he received his first bill the following month.

12. Upon learning of the full cost of the vehicle, Trotter attempted to rescind the finance contract and return the vehicle to Cannon. Cannon refused to rescind the contract, accept delivery of the vehicle, or return Trotter his down payment.

13. Trotter was unable to afford the vehicle and it was subsequently repossessed on or before April 13, 2023.

14. The vehicle has now been repossessed and Plaintiff has a deficiency balance on the vehicle.

15. Defendant Truist Bank is liable to Plaintiff under the holder in due course rule.

**CLAIM OF RELIEF  TRUTH IN LENDING ACT 15 U.S.C. § 1601 *et seq.***

16. In order to prevent repetition, the Plaintiff hereby incorporates by reference and re-alleges the information set forth in the forgoing paragraphs.

17. At all times relevant hereto, Defendants regularly extended or offered to extend consumer credit for which a finance charge was imposed or which, by written agreement, was payable in more than four installments, and are the persons to whom the transaction which is the subject of this action is initially payable, making Cannon creditors within the meaning of TILA, 15 U.S.C. § 1602(g) and Regulation Z, 12 C.F.R. § 1026.2(a)(17).

**18.** Defendants violated the requirements of the Truth in Lending Act and Regulation Z in the following and other respects:

    a.    By failing to provide the required disclosures specified in paragraph 71, supra, in violation of 15 U.S.C. § 1638 and Regulation Z, 12 C.F.R. § 1026.17.

    b.    By failing to provide the required disclosures prior to consummation of the transaction, conspicuously segregated from all other terms, data, or information provided in connection with the transaction, in violation of 15 U.S.C. § 1638(b) and Regulation Z, 12 C.F.R. § 1026.17(b).

    c.    By failing to make required disclosures, including the annual percentage rate and finance charge, clearly and conspicuously in writing in violation of 15 U.S.C. § 1632(a) and Regulation Z, 12 C.F.R. § 1026.17(a).

    d.    By failing to provide a statement that Plaintiff should refer to the appropriate contract document for any information such document provides about nonpayment, default, the right to accelerate the maturity of the debt, and prepayment rebates and penalties, in violation of 15 U.S.C. § 1638(a)(12) and Regulation Z, 12 C.F.R. § 1026.18(p).

WHEREFORE PREMISES CONSIDERED, the Plaintiff prays for judgment of and from the Defendants in an amount to be determined by the jury to include, the following:

1. To properly compensate the Plaintiff for his loss;

2. To properly compensate the Plaintiff for the unnecessary pain and suffering, anxiety and emotional distress he has suffered;

3. Plus punitive damages in an amount sufficient to punish the Defendant herein for its past conduct and to deter similar future gross, willful and intentional conduct;

4. Attorney's fees, together with cost;

5. Prejudgment and post judgment interest; and

6. Such other relief as the Plaintiff may be entitled to.

          Respectfully submitted,

          Corey Trotter
By: /s/ Daniel D. Ware
          DANIEL D. WARE, his Attorney

Daniel D. Ware, MSB #: 10,847
Ware Law Firm, PLLC
103 3rd Street NW
Magee, Mississippi 39111
(601) 439-7079
dware@warelawfirm.com